

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:15-cv- \(\) |
| v. | ) | |
| | ) | **JURY DEMAND** |
| CYNTHIA K. SATTERWHITE | ) | |
| and | ) | |
| GASTROENTEROLOGY | ) | |
| SPECIALISTS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT
**(False Claims Act, fraud, unjust enrichment)**

COMES NOW the Plaintiff, the United States of America (hereinafter, "the United States"), by counsel, and for its Complaint against the Defendants, CYNTHIA K. SATTERWHITE (hereinafter, "Satterwhite") and GASTROENTEROLOGY SPECIALISTS, INC. (hereinafter, "GSI."), alleges as follows.

### Introduction

1. This is an action to recover treble damages and civil penalties on behalf of the United States under the False Claims Act (FCA), 31 U.S.C. §§ 3729-33, arising from false and/or fraudulent statements, records, and claims made or caused to be made by Satterwhite and GS, Inc. (hereinafter, collectively the "Defendants") in violation of the FCA.

2. This action is brought against the Defendants for submitting and/or causing the submission of false claims, to the Department of Defense TRICARE Program, for health services rendered to and for military dependents, retirees and active duty military personnel.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, 31 U.S.C. § 3732(a), and its general equity jurisdiction.

4. Venue lies in this district under 28 U.S.C. §§ 1391(b), and 1395(a), and 31 U.S.C. § 3732(a) as the place where the claims arose. Personal jurisdiction over the Defendants is proper, because they live and/or transact business, and have committed acts in violation of 31 U.S.C. § 3729 *et seq.*, in this district.

### Parties

5. The United States, acting through Congressional appropriations for the activities of the Department of Defense (DOD), cost-shares for medical care, subject to applicable law and regulation, for beneficiaries of the TRICARE (formerly CHAMPUS) program. These beneficiaries include uniformed services dependents, retirees, and active duty uniformed services personnel. Payment by TRICARE for these benefits is made through a Managed Care Support Contractor (MCSC), when medically necessary, covered health care for its beneficiaries is rendered by TRICARE authorized civilian health care providers. See 10 U. S. C. §§ 1071 – 1110b.

6. Defendant Satterwhite owned and operated Defendant GS, Inc..

7. Defendant GSI is a Virginia corporation. Defendant Satterwhite is the sole officer, director and shareholder of GSI. GSI provided and provides medical care and services.

During the times relevant to these proceedings, the principle offices of GSI were, and continue to be, located at 410 Marcella Road, Hampton, Virginia 23666. Defendant Satterwhite was and is engaged in the practice of medicine at that same address.

8. Defendants Satterwhite and GSI, were and are TRICARE authorized providers and billed TRICARE for services provided to TRICARE beneficiaries under provider number NPI-1174532733.

### Description of the TRICARE Program

9. TRICARE (CHAMPUS) is a program of medical benefits provided by the United States Government, under public law to specified categories of individuals who are qualified for these benefits by virtue of their relationship to one of the seven Uniformed Services. Although they are similar in structure and other aspects, TRICARE (CHAMPUS) is not an insurance program in that it does not involve a contract guaranteeing the indemnification of an insured party against a specified loss in return for a premium paid. 32 C.F.R. § 199.1(d). The funds used by TRICARE (CHAMPUS) are appropriated funds. Id. 199.1(e). The Director of the Defense Health Agency] (DHA) is responsible for making such arrangements as are necessary to adjudicate and process claims. *Id.* 199.1(f). In providing civilian healthcare for its beneficiaries, TRICARE processing claims from civilian providers primarily through Managed Care Support Contractors ("MCSCs"). 32 C.F.R. § 199.17(a)(1). In the instant case, Health Net Federal Services, Inc. (hereinafter, "Health Net"), is the MCSC for the TRICARE North Region of which the Commonwealth of Virginia is a part. As noted in 32 U.S.C. § 199.17(a)(1), the MCSCs negotiate special arrangements with civilian sector health care providers which are known as "network agreements." Defendants herein were and are Health Net "network providers." In

addition to the three MCSC's for the United States (North Region, South Region and West Region), there is national contract to process claims for those beneficiaries who are eligible for both Medicare and TRICARE (also known as "dual eligible"). This program is known as "TRICARE for Life ("TFL")" and claims processed under the TRICARE Dual Eligible Fiscal Intermediary Contract. The TRICARE claims submitted by Defendants and at issue in this FCA lawsuit were processed by Health Net.

10. The network agreements between Health Net and the Defendants contain or incorporate by reference, terms, rules and conditions derived from the laws and regulations governing the operations of TRICARE, the DOD regulations (32 C.F.R. Part 199) relevant to the TRICARE program and TRICARE manuals including those covering reimbursement.

11. In general terms, these contracts require the healthcare provider, and specific to this case, the Defendants, to submit bills according to treatment codes which represent the level of medical complexity involved in the care, the time that is consumed in rendering of such care, and expenses incurred or items consumed in rendering of such care, to submit bills that clearly state what care was provided, to clearly state who provided the care and follow the contractually directed procedures for submitting such bills.

12. Professional providers such as the Defendants are required to submit bills pursuant to their TRICARE contracts, using a CMS 1500 (formerly HCFA 1500) "Health Insurance Claim Form", or the electronic equivalent thereof, when bills are presented electronically (hereinafter, the "claim forms"). The presentation of such claim forms constitutes an assertion that the medical care has been rendered to eligible beneficiaries, that such care is in the nature of that

represented by the billing codes appearing on the form and that the care was rendered by the individual indicated on the form to have provided the care.

13. In the instant case, the Defendants submitted their claim forms to PGBA, LLC, a private claims processing business, which was and is a sub-contractor of Health Net.

14. PGBA processed claims based on information provided by the defendants regarding the manner, method and dates of service.

15. Although there may be variations depending on whether a given claim is for an underwritten or non-underwritten claim, the claim forms submitted by the Defendants were all for underwritten claims and were all submitted to PGBA.

**Fraudulent scheme**

16. From January 1, 2005 through June 30, 2008, the Defendants executed a scheme by which they obtained health care benefit payments from TRICARE to which they were not entitled, by submitting and causing to be submitted false and fraudulent claims to TRICARE, through its subcontractors.

17. Defendants submitted claim forms to PGBA with medical care codes, commonly referred to as CPT codes, which reflected a higher level of care, greater complexity of care and/or greater time consumed in rendering care, this was actually rendered to the TRICARE beneficiary who received treatment. As an example,

18. Defendants submitted claim forms to PGBA with medical care codes for care that was not documented and therefore, presumptively, was never rendered to TRICARE beneficiaries.

19. Defendants submitted claims which asserted that services were rendered by physicians when in fact the services were rendered by "physician assistants" and "nurse practitioners," and were falsely billed at the higher rate allowed for physicians had performed the services.

### Overpayments to defendants

20. As a result of this fraudulent scheme, Defendants submitted claims resulting in payments from TRICARE totaling $153,619.94, to which they were not entitled.

### CLAIMS FOR RELIEF

### COUNT I
### False Claims Act, 31 U.S.C. § 3729(a)(1)(A)
### Making a False Claim

21. Plaintiff re-allege and incorporate herein by reference paragraphs 1 - 20 hereinabove.

22. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, provides in relevant part, that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval… is liable to the Unites States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), plus 3 times the amount of damages which the Government sustains because of the act of that person". 31 U.S.C. § 3729(a)(1)(A).

23. At all times relevant to this lawsuit, TRICARE paid the Defendants, with funds supplied by the United States, through the United States Treasury, based on Defendants' submission of claim forms CMS 1500 or HCFA 1500, or the electronic equivalent thereof.

24. Defendants submitted approximately 5123 claim forms which were false or fraudulent, in that each claim form submission was the result of either overbilling for the provider who

rendered the services, billing under reimbursement CPT codes which misstated and overstated the services provided or billed for services not rendered, in order to obtain payments to which they were not entitled.

25. Defendants are, therefore, liable to the United States for adjusted civil penalties between $5,500 and $11,000 for each claim, plus three times the amount of damages the United States sustained because of Defendants' conduct.

### COUNT II
### False Claims Act, 31 U.S.C. § 3729(a)(1)(B)
### Knowingly Making or Using a False or Fraudulent Record
### Material to a False or Fraudulent Claim

26. Plaintiff re-allege and incorporate herein by reference paragraphs 1 - 25 hereinabove and further allege as follows.

27. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, provides in relevant part, that any person who "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim…is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), plus 3 times the amount of damages which the Government sustains because of the act of that person". 31 U.S.C. § 3729(a)(1)(B).

28. At all times relevant to this lawsuit, TRICARE paid the Defendants, with funds supplied by the United States, through the United States Treasury, based on Defendants' submission of claim forms CMS 1500 or HCFA 1500, or the electronic equivalent thereof.

29. Defendants made, caused to be made approximately 5123 claim forms which were false or fraudulent, in that each claim form submission was prepared from false records 32. Defendants are, therefore, liable to the United States for adjusted civil penalties between

$5,500 and $11,000 for each claim, plus three times the amount of damages the United States sustained because of Defendants' conduct.

## COUNT III
## Common Law Fraud

30. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 - 29 hereinabove and further allege as follows.

31. For all times relevant to this lawsuit, TRICARE or, its subcontractors, paid Defendants based on Defendants' submission of claim forms. Defendants submitted claims intending for TRICARE to pay them for the services depicted in each claim form.

32. Defendants' submitted approximately 5123 claim forms which were false and fraudulent, in that each claim form submission overbilled for the service of physician assistants and/or nurse practitioners, and/or billed for services not rendered and/or billed for services under false reimbursement codes, and/or billed for services at a higher reimbursement rate than that allowed and/or otherwise misstated or overstated the service provided, in order to obtain payments to which they were not entitled.

33. Defendants submission of false and/or fraudulent claim forms and other documents lead to the approval of payment for the indicated services and then the payment for those services using money from the United States Treasury. But for the Defendants' actions, TRICARE would not have paid Defendants the substantially less than amounts they claimed. Thus, Defendants' false representations contained in the billing documents caused reliance by and damages to TRICARE and through TRICARE, the United States.

34. Due to Defendants' fraud, Defendants are liable to the United States.

8

## COUNT VII
## Unjust Enrichment

35. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 – 34 hereinabove and further allege as follows.

36. For all times relevant to this lawsuit, TRICARE's or caused Defendants to be paid, based on Defendants' submission of claim forms.

37. Defendants submitted approximately 5123 claim forms which were false and/or fraudulent, in that each claim submission overbilled for the services of physician assistants and nurse practitioners, billed for service not rendered, and/or, billed at a rate higher than that allowed for the service and/or otherwise misstated or overstated the services.

38. Defendants knew that each claim form was false and/or fraudulent, yet submitted it to TRICARE anyway intending that TRICARE would pay Defendants the full amount falsely claimed on the claim form.

39. Absent Defendants' submission of these claim forms, TRICARE would not have paid Defendants the amounts they claimed. Accordingly, Defendants' false representations in the claim forms were material, causing reliance by and damages to TRICARE and through TRICARE, the United States.

40. Defendants knew that TRICARE was paying them for work that, in whole or in part, did not meet TRICARE's criteria for reimbursement. Therefore, Defendants knew they were improperly receiving a benefit from TRICARE and should reasonably have expected to repay TRICARE for the improperly made payments.

41. Defendants retained the payments to the financial detriment of TRICARE.

## V. PRAYER FOR RELIEF

WHEREFORE, the United States respectfully prays:

42. That the acts alleged herein be adjudged and decreed to be unlawful and in violation of the False Claims Act;

43. That Defendants be ordered to pay damages of $153,689.94

44. That the United States recover treble damages determined to have been sustained by it pursuant to 31 U.S.C. § 3729(a) and that judgment be entered against Defendants jointly and severally in favor of the United States.

45. That Defendants be ordered to pay civil penalties pursuant to 31 U.S.C. § 3729(a)(3) for each false claim or false statement;

46. That Defendants be ordered to return, to the United States, on equitable grounds, the amount of the fraudulently obtained payments, the total being $153,619.94 to the United States.

47. That the United States be awarded its costs and expenses of this action pursuant to 21 U.S.C. §3729(a)(3).

48. That the United States be granted such other and further relief as the Court deems just, equitable and proper.

## VI. JURY DEMAND

Under Federal Rule of Civil Procedure 38 and Local Civil Rule 38, the United States demands a trial by jury on any and all issues so triable.

Respectfully Submitted,

DANA J. BOENTE
United States Attorney

By: /s/ George M. Kelley, III
George M. Kelley, III
Assistant United States Attorney
Virginia Bar No. 13825
Attorney for United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510

*Counsel for Plaintiff United States of America*