UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Civil Action No. 2:15-cv-111-RGD-DEM

CYNTHIA K. SATTERWHITE and
GASTROENTEROLOGY SPECIALISTS, INC.,

        Defendants.

**OBJECTION TO PLAINTIFF'S MOTION FOR A THREE WEEK
EXTENSION OF TIME TO RESPOND TO DEFENDANTS' DISCOVERY**

Defendants, Cynthia K. Satterwhite and Gastroenterology Specialists, Inc. ("GSI"), by counsel, object to the motion of the United States of America (the "Government") for a blanket three week extension to respond to Defendants' First Set of Interrogatories and Request for Production of Documents to Defendant propounded on December 4, 2015 ("Discovery"). Despite possessing since at least July 27, 2011, the information or documents needed to respond to a substantial portion of the Discovery, the Government refuses to respond timely to the Discovery in accordance with the Federal Rules of Civil Procedure.

By order entered November 17, 2015, denying without prejudice Defendants' motion to dismiss the Government's Amended Complaint, this Court allowed Defendants, before answering the specific allegations in the complaint, time to conduct discovery pertaining to the statute of limitation issues. This Court noted that Defendants had raised "important questions as to the timeliness of the instant action . . . arising from the various statutes of limitations [which] rely on critical facts that do not clearly appear on the face of the First Amended Complaint . . .. Additionally, many of the significant details regarding the audit and its dissemination have not

been established. As a result, the Court believes the proper time to address these defenses will likely be during motions for summary judgment after discovery."

The Government has represented that its investigation of GSI began as early 2009. The Government first informed GSI of its allegations in December 2012. In May 2013, prior counsel for GSI first raised the statute of limitations issue with the Government. This counsel for GSI informally requested information from the Government beginning in at least February 2015. With the authorization of this Court, GSI served the Discovery on the Government on December 4, 2015. The Discovery seeks information relating to the investigation conducted on behalf of the Government by a local investigator with the Department of Defense, as well as information pertaining to matters that the Government has advised were undertaken on its behalf by contractors and subcontractors. At a meeting on December 11, 2015, counsel to the Government advised counsel to GSI that he would produce the copy of the audit file in his possession at no charge; that he had met and was meeting again with the local Federal investigator regarding his files and his investigation; and that counsel for the Government may need to go out of town to obtain additional information from the contractors.

In objections served on December 21, 2015, the Government indicated that it intended to produce, subject to its blanket objections, information pertaining the audit and the investigation. By its motion for a three week extension, counsel for the Government for now suggests that it will not produce timely any of the information already within the local possession and control of the Government, but must first obtain an extension to obtain additional information from the Government's contractors and subcontractors.

To the extent that the Government requires more time to obtain files from sources out of the area with whom it has not had prior communications, an extension may be appropriate;

however, despite repeated requests, the Government will not offer any plausible explanation why it refuses to respond timely to the Discovery pertaining to the investigation conducted locally.

Dated: December 30, 2015                    Respectfully submitted,

                                                                                 /s/ *Ann B. Brogan*
                                                Ann B. Brogan, VSB No. 25567
                                                abrogan@clrbfirm.com
                                                John M. Ryan, Jr., VSB No. 37796
                                                jryan@clrbfirm.com
                                                CROWLEY, LIBERATORE, RYAN & BROGAN, P.C.
                                                Town Point Center, Suite 300
                                                150 Boush Street
                                                Norfolk, Virginia 23510
                                                (757) 333-4500
                                                (757) 333-4501 (fax)
                                                *Counsel for Defendants, Cynthia K. Satterwhite*
                                                *and Gastroenterology Specialists, Inc.*

CERTIFICATE OF SERVICE

  I certify that on December 30, 2015, a true copy of the foregoing Objection has been electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notice of and serve such filing to those parties who are currently listed on the Electronic Mail Notice List for this Case to the following:

  George M. Kelley , III, george.kelley@usdoj.gov, usavae.nor.ecf.civil@usdoj.gov
  Assistant United States Attorney
  United States Attorney's Office
  101 West Main Street, Suite 8000
  Norfolk, VA 23501

  *Counsel for Plaintiff, United States of America*

     /s/ *Ann B. Brogan*
     Ann B. Brogan, VSB No. 25567
     abrogan@clrbfirm.com
     John M. Ryan, Jr., VSB No. 37796
     jryan@clrbfirm.com
     CROWLEY, LIBERATORE, RYAN & BROGAN, P.C.
     Town Point Center, Suite 300
     150 Boush Street
     Norfolk, Virginia 23510
     (757) 333-4500
     (757) 333-4501 (fax)
     *Counsel for Defendants, Cynthia K. Satterwhite*
     *and Gastroenterology Specialists, Inc.*