IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CIVIL NO. 2:15CV111

CYNTHIA K. SATTERWHITE AND
GASTROENTEROLOGY
SPECIALISTS, INC.,

    Defendants.

## ORDER

This matter comes before the Court on the United States of America's ("Plaintiff" or "the Government") Motion for an Extension of Time to Respond to Defendant's Discovery. ECF No. 13. For the reasons stated herein, Plaintiff's Motion for an Extension of Time is **GRANTED** in part and **DENIED** in part.

### I. PROCEDURAL HISTORY

On March 18, 2015, the Government filed its initial Complaint. ECF No. 1. On June 23, 2015, the Government filed a First Amended Complaint and served process the same day. ECF No. 3. On July 14, 2015, Cynthia K. Satterwhite and Gastroenterology Specialists, Inc. ("Defendants") filed a Motion to Dismiss the claims asserted against them. ECF No. 5. The Government filed its response on August 4, 2015. Defendants filed a rebuttal brief on August 19, 2015. The Court held a hearing on the matter on November 12, 2015, at which both parties made an appearance. On November 17, 2015, the Court issued an Order denying without prejudice Defendants' Motion to Dismiss and allowing Defendants to file discovery for documents and interrogatories regarding details pertaining to the statute of limitation issues presented in this

1

case.

On December 4, 2015, Defendants served the Government with their First Set of Interrogatories and Request for Production of Documents. The Government filed the instant motion seeking a three week extension to respond to Defendants' discovery requests on December 29, 2015. ECF No. 13. One day later, Defendants filed an Objection to the Government's Motion for a Three Week Extension of Time to Respond to Defendant's Discovery. ECF No. 14.

## II. DISCUSSION

The Government requests an extension of time of twenty-one (21) days to respond to Defendants' discovery requests. The Government contends an extension is warranted because: (1) the discovery relates in large part to matters undertaken and documents created by contractors and subcontractors of the United States Department of Defense; (2) much of the information and documents sought are not locally available; (3) the discovery seeks information and documents that may be privileged or otherwise exempt from discovery and there are limited available personnel at this time of year to review the documents; and (4) Defendants have 120 days to file an Answer, which allows Defendants sufficient time to incorporate any information learned from the discovery response in the event the extension is granted.

Defendants concede an extension may be appropriate to allow the Government to obtain files from sources out of the area with whom the Government has not had prior communications, but object to an extension regarding any of the information pertaining to the investigation conducted locally and already within the local possession and control of the Government.

## III. CONCLUSION

The Court finds good cause to **GRANT** the Government's request for a twenty-one day

extension to respond to Defendants' discovery requests for information and documents not locally available or dependent upon cooperation with the United States Department of Defense or its contractors and subcontractors. However, the Court **DENIES** the Government's request for an extension for information and documents pertaining to the investigation conducted locally or already within the local possession and control of Plaintiff's local counsel.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 6, 2016