
FILED
JAN 20 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     CIVIL NO. 2:15CV111

CYNTHIA K. SATTERWHITE AND
GASTROENTEROLOGY
SPECIALISTS, INC.,

    Defendants.

## ORDER

This matter comes before Cynthia K. Satterwhite and Gastroenterology Specialists, Inc.'s (collectively "Defendants") Motion to Compel the United States of America ("the Government") to Respond to Discovery that was Due January 4, 2016. ECF No. 18. For the reasons stated herein, Defendants' Motion to Compel is **GRANTED IN PART**. The Government has fourteen (14) days to produce all documents and answer all interrogatories that were due on January 4, 2016 as described in this Court's previous Order dated January 6, 2016 (ECF No. 15).

Additionally, the Government may file a reply or brief within fourteen (14) days explaining why it should not be required to pay Defendants' reasonable expenses incurred in making this motion pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

### I. RELEVANT PROCEDURAL HISTORY

On December 4, 2015, Defendants served the Government with their First Set of Interrogatories and Request for Production of Documents. Because no stipulation or order was entered in accordance with Rule 29 of the Federal Rules of Evidence, responses to the discovery, including answers and objections, were due within thirty days after being served – in this case,

1

by January 4, 2016. On December 11, 2015, counsel for the parties met and discussed the Government's objections to the discovery requests. The Government then served its objections to the discovery on Defendants' counsel on December 21, 2015. On December 29, 2015, the Government filed a motion seeking a three week extension to respond to discovery. On January 6, 2016, the Court partially granted the Government's request for an extension to respond to discovery for information and documents not locally available, but denied its request for an extension of time for information and documents pertaining to the investigation conducted locally or already within the local possession and control of the Government's local counsel. On January 7, 2016, the Government provided Defendants' counsel for the first time a draft protective order. After review and agreement between the parties, a joint motion for entry of the agreed upon protective order was filed, which was subsequently entered on January 11, 2016.

On January 8, 2016, Defendants indicate the Government produced copies of the audit files which were in possession of the Office of the United States Attorney and a few documents obtained from the local office of the Defense Criminal Investigative Services. Defendants state that the Government represented that these documents were all the Government intended to produce pertaining to local discovery. As of the time the instant motion was filed, Defendants contend that the Government: (1) failed to provide any written responses to the local discovery, including written answers to interrogatories; (2) had not identified what local discovery information it is withholding for the reasons provided in the Government's objections to discovery; and (3) failed to produce certain documents from the local office of the Defense Criminal Investigative Services that are relevant to the matter.

## II. DISCUSSION

As directed by the Federal Rules of Civil Procedure, the Government's responses to discovery

requests for information and documents pertaining to the investigation conducted locally or already within the local possession and control of the Government's local counsel were due January 4, 2016. As indicated in the Court's Order issued on January 6, 2016, ECF No. 15, no extension of time to respond to local discovery requests was granted. Based on the factual allegations set forth in Defendants' motion, it appears the Government has failed to fully respond to local discovery requests and is not in compliance with the Federal Rules of Civil Procedure and this Court's previous Order regarding discovery.

## III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Compel, ECF No. 18, is **GRANTED IN PART**. The United States of America ("the Government") has fourteen (14) days to produce all documents and answer all interrogatories that were due on January 4, 2016 as indicated on the Court's Order filed January 6, 2016 (ECF No. 15). In addition, the Government must identify what local discovery information it is withholding for the reasons stated in the Government's objections to discovery.

At this time, the Court **DENIES** Defendants' requests to file a notice of dismissal with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure and to compel the Government to produce certain individuals for deposition.

Additionally, the Government may file a reply or brief within fourteen (14) days explaining why it should not be required to pay Defendants' reasonable expenses incurred in making this motion pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 22, 2016